CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 3 0 2010

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 5:07CR00063 |
| | ) (Case No. 7:10CV80242) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| ISRAEL ARELLANO-ARELLANO, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

The defendant, a federal inmate, brings this motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court finds that the motion is untimely and will accordingly dismiss it.[1]

## Background

Israel Arellano-Arellano pleaded guilty on June 23, 2008, pursuant to a written plea agreement, to one of two charges against him in this multi-count, multi-defendant case. Arellano was convicted of conspiracy to distribute and possess with intent to distribute more than five kilograms of a mixture or substance containing crack cocaine. In exchange for the guilty plea, the government moved for dismissal of the other charge. In Paragraphs 11 and 12 of the plea agreement, Arellano waived his rights to appeal and to collaterally attack his conviction or sentence, including his right to bring a § 2255 motion. In Paragraph 4, he stipulated that, for purposes of Section 2D1.1 and 1B1.3 of the United States Sentencing Manual (USSG), the court would determine a specific drug amount more than five kilograms but less than fifteen kilograms. On October 2, 2008, the court

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

sentenced Arellano to 87 months imprisonment. Final judgment was entered on October 6, 2008. Arellano did not appeal.

On March 23, 2010, Arellano signed and dated a motion that he styled as a "MOTION FOR RESENTENCING UNDER 18 U.S.C. § 3553(A) AND U.S.S.G. § 2D1.1(A)(3)." He alleges that his sentence was improper, because under the "safety valve," USSG § 2D1.1(a)(3), and Amendment 640, his base offense level was capped at level 30, and his sentencing range should have been 57 to 71 months imprisonment, well below the 87-month sentence that he received. He also alleges that he did not pursue this claim on appeal "because of the Ineffective Assistance of counsel for the failure to File a Notice of Appeal." Finally, he faults counsel for failing to object to the sentencing calculations during the sentencing hearing.

Based on Arellano's allegations of sentence error and ineffective assistance, the court construed the submission as a § 2255 motion. As required under Castro v. United States, 540 U.S. 375 (2003), the court issued an order advising Arellano of the intent to treat his submission as a § 2255 motion, advised him of the statute of limitations in § 2255(f) and the successive petition bar in § 2255(h), and granted him an opportunity to elect whether or not he wished the court to address the motion as one arising under § 2255. The court specifically advised Arellano that his § 2255 motion appeared to be untimely filed under § 2255(f).[2] Arellano responded, stating:

> Defendant wants the court to treat his motion as a § 2255, filed out of time because he was under the impression that his counsel did file it for him. Only now after getting copies of his papers he learned of the attached motion.

---

[2] The Castro notice (Dkt. No. 618) advised Arellano as follows:
If defendant elects to proceed with this action as a § 2255 motion, he will need to provide the court with argument and/or evidence as to why the court may address his claims even though they were filed more than one year after his conviction became final.

> In the meantime, I also want to file a Judicial Notice under Rule 28(5) of the new "Fair Sentenc[ing] Act of 2010" and attach to my § 2255 motion all the benefits that this law may inure to me.

(Dkt. No. 619 at 1.) The court construes this response as an election to proceed under § 2255.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Under § 2255(f)(1), a defendant's conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires. See, e.g., Clay v. United States, 537 U.S. 522, 525 (2003). The criminal judgment against Arellano was entered on October 6, 2008, and he did not appeal within ten (10) business days from entry of judgment as then required under Fed. R. App. P.

4(b)(1).³ Therefore, his conviction became final on October 20, 2008. He then had one year–until October 20, 2009– in which to file a timely § 2255 motion. He filed his § 2255 motion in March 2010, several months after his one-year filing period under § 2255(f)(1) expired. Therefore, his motion is untimely under § 2255(f)(1).

Arellano asserts that his § 2255 motion should be addressed, even though filed outside the limitation period, because he thought his attorney "did file it for him." Apparently, he is asking to have the filing limitation period equitably tolled, based on his belief that his retained counsel had filed an appeal or a § 2255 motion or some other type of motion to raise the current claims alleging that the sentence is unlawful.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (omitting internal quotation marks) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must also demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

---

³ At the time of the judgment against Arellano, Rule 4(b)(1) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) required that a notice of appeal be filed within ten (10) days from entry of judgment, and Fed. R. App. P. 26(a) specified that a time period of less than eleven days should be calculated without counting weekends or holidays. Pursuant to amendments effective December 1, 2009, these rules now require that a notice of appeal be filed within 14 calendar days from entry of judgment.

Arellano presents no evidence on which he reasonably could have based a belief that counsel would file any type of challenge to his sentence, in an appeal, or under § 2255 or any other legal authority. There is no indication from his submissions that he made additional arrangements with his attorney to continue representing him after the judgment entered in this case or that he expressly asked counsel to pursue any appeal or other post-conviction remedy. Arellano, through his plea agreement, waived his right to appeal and his right to bring a § 2255 motion or any other collateral attack. Thus, unless Arellano made an express request for further filings, counsel reasonably could have believed that Arellano would not want to breach his plea agreement by bringing an appeal or a collateral attack of any kind. Furthermore, Arellano fails to provide any account or evidence of his attempts to contact counsel or the court during the 17 months after judgment to inquire whether any appeal or other post-conviction remedy had been filed.

In short, Arellano fails to present any allegation or evidence indicating that an extraordinary circumstance beyond his control prevented him from pursuing his current claims within the one-year filing period under § 2255(f)(1). Moreover, he fails to demonstrate that he acted with due diligence in discovering or pursing his current claims. Accordingly, the court finds no ground on which equitable tolling is warranted in this case. Rouse, 339 F.3d at 246.

Finally, Arellano's reference to the Fair Sentencing Act of 2010 does not provide grounds for calculation of the § 2255(f) limitation period under any other subsection or for equitable tolling. Among other things, this bill, if enacted, would increase the amount of crack cocaine required for imposition of statutory mandatory minimum prison terms for trafficking crimes. A version of the bill was approved by Senate vote on March 17, 2010, and was received for consideration in the House of Representatives the next day. No version of the bill has been passed by both houses of

Congress or signed by the president, however. The court finds no respect in which this proposed legislation provides grounds for calculation of Arellano's filing period under § 2255(f)(2), (3), or (4), or in which it provides grounds for equitable tolling.

For the stated reasons, the court concludes that the § 2255 motion must be dismissed as untimely filed. An appropriate order will issue this day.

In any event, Arellano's claim of sentencing error has no merit. On October 2, 2008, the defendant appeared before the court for sentencing. Pursuant to the defendant's plea agreement, the defendant was held responsible for more than 5 kilograms but less than 15 kilograms of cocaine HCL, resulting in a base offense level of 32. In the presentence investigation report (PIR), the probation officer found that Arellano qualified for a three-point reduction for acceptance of responsibility and a two-point reduction for application of the statutory safety valve, resulting in a total offense level of 27. Given Arellano's criminal history category of I, the officer calculated the recommended guideline range at 70 to 87 months. The probation officer did not find that Arellano was entitled to any reduction based on the nature of his role in the offense, and the parties made no objection to the PIR. The court adopted the calculations in the PIR and sentenced Arellano to 87 months.

Arellano admits that he received the benefit of the safety valve, but claims that his total offense level should have been capped at 30 under § 3B1.2, § 2D1.1(a)(3), and Amendment 640. Section 3B1.2 recommends a decrease in offense level if the court finds that the defendant was a minor or minimal participant in the criminal activity charged.[4] The court did not, however, conclude

---

[4] Section 2D1.1(a) addresses how a mitigating role reduction under § 3B1.2 should be applied in drug trafficking cases. Amendment 640 modified § 2D1.1(a)(3) to provide a maximum base offense level of 30 for defendants who received a mitigating role reduction pursuant to § 3B1.2. However, a later change

that Arellano was entitled to a reduction for mitigating role under § 3B1.2 and so did not apply any reduction of his base offense level under § 2D1.1(a)(3).

Moreover, Arellano has not demonstrated ineffective assistance related to his sentence. To prove that counsel's representation was so defective as to require that the conviction be vacated, petitioner must satisfy both prongs of a two-part standard by demonstrating that counsel's defective performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To do so, petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotations omitted). Second, to show prejudice, the petitioner must demonstrate a "reasonable probability" that, but for counsel's errors, the outcome would have been different. Id. at 694-95.

Arellano simply asserts that he was entitled to a reduction under the cited provisions. He offers no facts on which counsel could successfully have argued that Arellano's role in the offense was minor or minimal so as to qualify him for a mitigating role reduction under § 3B1.2. At sentencing, the prosecutor characterized Arellano as "the kind of cocaine dealer who, based on a phone call alone, can produce three kilo's of uncut, highly pure cocaine still wrapped in the original wrapper, as the Court has heard, at 7:00 in the morning at a road side meeting location." (Sent. Tr. 7, Oct. 2, 2008.) Defense counsel argued that a sentence at the low end of the guideline range was

---

to the guideline, Amendment 668, effective November 1, 2004, further modified § 2D1.1 for defendants who receive a mitigating role reduction under § 3B1.2. At Arellano's 2008 sentencing, with Amendment 668 in effect, § 2D1.1(a)(3) provided that defendants with a base offense level of 32 receive a two-level decrease; defendants with a base offense level of 34 or 36 receive a three-level decrease; and defendants with a base offense level of 38 receive a four-level decrease.

appropriate, because Arellano was only involved in two transactions during the conspiracy charged in this case and was more appropriately characterized as a high-paid courier than a kilo-level dealer. (Id. 9.) The court, however, found from the facts known about Arellano's participation that he fell "at the mid to upper level in terms of culpability" in the conspiracy. (Id. 12.) Based on the seriousness of the offense and on the fact that Arellano was in the country illegally at the time he committed it, the court found that a sentence at the high end of the guideline range was a fair and just punishment. Under this record, the court finds no reasonable probability that an argument for a minimal role reduction would have changed the outcome at sentencing. Therefore, Arellano's claims of ineffective assistance at sentencing fail under both prongs of the Strickland analysis.

The petitioner is advised that he may appeal the court's decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 30th day of April, 2010.

/s/ [signature]
United States District Judge