CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 15 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5:07CR00063-019 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ISRAEL ARELLANO-ARELLANO, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the court will deny the defendant's motion to reduce his term of imprisonment.

On June 23, 2008, the defendant, Israel Arellano-Arellano, pled guilty to conspiring to distribute and possess with the intent to distribute more than five grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. The defendant was sentenced on October 2, 2008. Under the advisory sentencing guidelines, the defendant had a total offense level of 27 and a criminal history category of I, resulting in a guideline range of imprisonment of 70 months to 87 months.[1] The court imposed an 87-month term of imprisonment.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to

---

[1] The crime to which the defendant pled guilty normally carries a mandatory minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A). However, because the defendant received the benefit of the safety valve provision, 18 U.S.C. § 3553(f), the otherwise applicable mandatory minimum sentence did not apply in calculating his sentencing guideline range.

offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

The defendant filed a pro se motion to reduce his sentence on November 17, 2011. Having considered the defendant's motion, the court is constrained to conclude that the motion must be denied.

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Hood, 556 F.3d 226, 231 (4th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). Thus, to be the basis of a reduction under § 3582(c)(2), an amendment to the sentencing guidelines "must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original).

In the instant case, the defendant was convicted of an offense involving cocaine hydrochloride, or powder cocaine. The Fair Sentencing Act amended the provisions of 21 U.S.C. § 841 that address cocaine base, or crack cocaine—the amendment left unaltered the provisions of the statute that address powder cocaine. See DePierre v. United States, 131 S. Ct. 2225, 2232 (2011) (explaining that cocaine base, as that term is used in 21 U.S.C. 841(b)(1), does not include powder cocaine). Consequently, because the amendment has no effect on the offense for which this defendant was convicted, the defendant's total offense level and the applicable guideline range remain the same. Accordingly, a sentence reduction is not authorized under § 3582(c)(2), since the amendment does not have the effect of lowering the defendant's applicable guideline range. See

2

U.S.S.G. § 1B1.10(a)(2)(B). For these reasons, the defendant's motion for reduction must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 15th day of December, 2011.

                                                   Chief United States District Judge